UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Levern Wilds, | ) | Civil Action No. 4:05-839-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Nucor Steel, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff filed this action on March 18, 2005, alleging causes of action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. Specifically, plaintiff alleges defendant disciplined him and terminated his employment based on race discrimination, as well as subjected him to a racially hostile employment environment and retaliated against him based on his race.

Plaintiff filed a Charge of Discrimination on or about March 1, 2004, alleging as follows:

> I. I was discharged from my employment on September 8, 2003. On September 2, 2003 and disciplined and suspended.
> II. Accused of threatening a supervisor.
> III. I was suspended and later terminated due the supervisor's allegation. I contend that the reason given is pretextual and done only because I was the highest ranking and only black in maintenance. I believe my race was the motivating factor for my termination. I was subjected to more severe disciplinary action by the Respondent than similarly situated, white employees. I was accused of threatening a supervisor following a discussion about my leave. The discussion never turned threatening nor were there any threats uttered by me. I worked for more than 10 hours with the supervisor following the incident without any acts of violence or violent behavior on my part.
> IV. I therefore believe I have been discriminated against on the basis of my race (black), in violation of the SC Human Affairs Law, as amended, and Title VII of the US Civil Rights Act of 1964, as amended.

(Exh. 1 to Defendant's Memorandum).[1]

After receiving his right to sue letter, plaintiff brought this action. Defendant filed its motion to dismiss (Document # 8) on April 8, 2005. The plaintiff filed a memorandum in opposition and defendant filed a reply. The matter is ripe for disposition.[2]

When analyzing a motion pursuant to Rule 56, Fed.R.Civ.P., the moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom

---

[1] Defendant initially filed its motion pursuant to Rule 12, Fed.R.Civ.P. When matters outside the pleadings are considered, the motion is converted into a motion for summary judgment under Rule 56, Fed.R.Civ.P. Plaintiff correctly responded to defendant's motion with his memorandum in opposition to defendant's "Motion for Summary Judgment."

[2] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).     Defendants assert that plaintiffs cause of action for retaliation and hostile work environment should be dismissed because they are outside the scope of the Charge of Discrimination filed by plaintiff. Plaintiff claims the hostile environment claim is reasonably related to the allegations contained in his Charge and, therefore, is exhausted.

Before a plaintiff has standing to file suit under Title VII, she must exhaust her administrative remedies by filing a charge with the EEOC. See Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). The EEOC charge defines the scope of the plaintiff's right to institute a civil suit. Id. "An administrative charge of discrimination does not strictly limit a Title VII suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." Chisholm v. United States Postal Serv., 665 F.2d 482, 491 (4th Cir. 1981). Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996) (sexual harassment and discriminatory pay and benefits claims dismissed because EEOC charge alleged only a failure to promote); Dennis v. County of Fairfax, 55 F.3d 151, 156-57 (4th Cir. 1995) (hiring, promotion, and training discrimination claims dismissed where EEOC charge alleged only discriminatory discipline).

Defendants assert that the Charge filed by plaintiff solely alleged a claim for discrimination

based upon his suspension and subsequent termination without reference to retaliation or a racially hostile work environment. In further support of their argument, they point out that the only specific dates included within the Charge involve the date of suspension and of termination. Therefore, it asserts, the claim for retaliation or hostile environment are not within the scope of the Charge and should be dismissed for lack of jurisdiction.

A review of the allegations in the Charge reveals plaintiff presented allegations that he was wrongfully accused of threatening a supervisor on September 2, 2003, resulting in his suspension and the termination of his employment on September 8, 2003. His Charge asserted that the adverse employment action was "because I was the highest ranking and only black in maintenance," and was more severe than that involving similarly situated, white employees. It should be noted as well that in the space on the Charge form were he could have designated "continuing action", he did not check the box. Also, as the date the discrimination took place, he indicated September 8, 2003 with no reference to other time frames.

A claim for retaliation involves adverse employment action in retaliation for the engagement in protected activity. <u>Matvia v. Bald Head Island Management, Inc.</u>, 259 F.3d 261, 271 (4th Cir. 2001). Plaintiff does not address the "retaliation" claim in its memorandum in opposition. Therefore, it does not appear that plaintiff opposes the dismissal of his claim for retaliation. Nonetheless, plaintiff's Charge does not encompass a claim for retaliation; it does not involve a claim raised in the Charge and is not reasonably related to it. Accordingly, plaintiff's claim for retaliation should be dismissed because plaintiff has not exhausted his administrative remedies relating to such a claim.

A hostile work environment claim involves sufficiently severe or pervasive conduct based

on race which alters a persons conditions of employment and creates an abusive work environment. See Spicer v. Virginia, 66 F.3d 705, 710 (4th Cir. 1995)(en banc); See also Connor v. Schrader Bridgeport Int'l, Inc., 227 F.3d 179, 193 (4th Cir. 2000)(defining "severe or pervasive"). Plaintiff presents allegations in this suit under a hostile work environment claim that is much broader than the specific discrete act or acts occurring on September 2 and September 8, 2003. Such allegations are not reasonably related to the allegations contained in the Charge. Chacko v. Patuxent Institution, 429 F.3d 505, 509 (4th Cir. 2005)(citing Dennis, 55 F.3d at 153,156-57). Plaintiff has failed to exhaust his administrative remedies regarding his claim for hostile work environment. See Chacko, 429 F.3d at 506(plaintiff fails to exhaust where administrative charge reference different time frames, actors, and discriminatory conduct that factual allegations in formal lawsuit). Because plaintiff did not file an EEO complaint raising a retaliation/hostile environment claim, such claim is not properly before the court and should be dismissed. See Evans v. Technologies Applications & Service Commission, 80 F.3d 954 (4th Cir. 1996).

For the foregoing reasons, it is recommended that defendant's motion (Document # 8) be granted and plaintiff's claims for retaliation and hostile work environment be dismissed.


February 6, 2006                                s/Thomas E. Rogers, III
Florence, South Carolina                        Thomas E. Rogers, III
                                                United States Magistrate Judge



**The parties' attention is directed to the important notice contained on the following page(s)**

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina  29503
